IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

LINO H. HAYNES,

Petitioner,

v.

Criminal Action No.
2:90cr105

UNITED STATES of AMERICA,

Respondent.

## OPINION AND ORDER

This motion is before the Court on Petitioner Lino H. Haynes' ("Petitioner" or "Haynes") Motion for an Out of Time Appeal, or Alternatively, Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, Doc. 191. For the reasons stated herein, the Court **DENIES** Petitioner's Motion.

### I. Background

On September 26, 1990, a federal grand jury indicted Petitioner. Petitioner pled not guilty, and on February 12, 1991, a jury found Petitioner guilty of numerous counts of drug offenses, including conspiracy to distribute and possess with intent to distribute cocaine. On May 1, 1991, the Court sentenced Petitioner to, inter alia, life imprisonment.[1]

Since his sentencing, Petitioner has filed a number of appeals and motions. In 1992, he filed a direct appeal to the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") and the Fourth Circuit affirmed his sentence. Then, on February 5, 1993, Petitioner

---

[1] The Court sentenced Petitioner to various terms of life imprisonment for each count for which he was convicted, all to run concurrently.

1

filed his first § 2255 motion, which the Court granted, vacating his conviction as to Count Two of the indictment. On May 16, 1996, Petitioner filed a second § 2255 motion, which the Court dismissed on May 20, 1996 for lack of jurisdiction because Petitioner failed to obtain authorization from the Fourth Circuit before filing his motion. Petitioner then sought authorization to file a successive § 2255 motion pursuant to § 2244, but the Fourth Circuit denied his request to file a successive application for relief.

Approximately six (6) years later, on January 25, 2002, Petitioner filed a motion pursuant to Former Rule 35(a) of the Federal Rules of Criminal Procedure to Correct an Illegal Sentence ("Former Rule 35(a)"). On March 22, 2002, the Court dismissed the Former Rule 35(a) motion as a successive petition for a writ of habeas corpus. Petitioner appealed the order dismissing the motion, and in September 2002, the Fourth Circuit entered an order vacating the Court's dismissal of Counts Three and Five. On May 11, 2004, upon remand, the Court agreed that Petitioner's sentence regarding Count Five was illegal and amended its judgment, but the Court denied his Former Rule 35(a) motion with respect to Count Three.

However, in the same Order issued on May 11, 2004, the Court incorrectly informed Petitioner that he had sixty (60) days to timely file a notice of appeal if he chose to do so. Instead, the Court should have informed him that he had ten (10) days to timely file a notice of appeal to the order. See United States v. Little, 392 F.3d 671, 680–81 (4th Cir. 2004) (applying a ten-day appeal period to appeal from Rule 35 hearing); United Sates v. Breit, 754 F.2d 526, 528–29 (4th Cir. 1985). Consequently, Petitioner's appeal, filed July 9, 2004, was dismissed by the Fourth Circuit as untimely even though July 9 was within the sixty (60) day period. Petitioner, as a result, filed two motions in November 2005: (1) Motion for Relief from Final Judgment

2

pursuant to Rule 60(b), Doc. 33, and (2) Motion to Re-Open Judgment for Relief from Judgment also under Rule 60(b). Doc. 34.

On June 9, 2006, the Court granted Petitioner's Motion to Re-Open Judgment because he demonstrated prejudice by the Court's error. Doc. 51. The Court stated, "As a pro-se litigant, Petitioner relied upon the information provided in the Court's order and filed his appeal within sixty (60) days."[2] Id. at 2. Notably, the Court did not issue a new judgment from which Petitioner could appeal; rather, the Court stated, "Petitioner is granted the right to appeal the judgment from the Order entered on May 11, 2004," and "[t]he clerk must receive this written notice within ten (10) days from this Order's date." Id. at 2.

Petitioner filed his Notice of Appeal on July 3, 2006, which fell outside the ten (10) day limitation period; on the other hand, Petitioner contended that he did not receive the Court's June 9, 2006 Order until June 27, 2006. Doc. 54. In support, Petitioner attached a copy of the original envelope of the Order, which was date stamped on June 23, 2006 by the prison. Id. The Fourth Circuit reviewed the appeal on December 5, 2006, but did not dismiss the motion as untimely; instead, the Fourth Circuit dismissed Petitioner's appeal for lack of jurisdiction. Doc. 71. In particular, the Fourth Circuit held that "the district court lacks jurisdiction to grant Haynes' motion to reopen and allow him to note an appeal from the 2004 order." Id. at 2. Moreover, the Fourth Circuit stated that a "district court may grant an extension of up to thirty days to file a notice of appeal. The time period cannot be extended beyond that period." Id. (internal citations omitted).

---

[2] The Court found Petitioner's other request, Motion for Relief from Final Judgment, moot, in light of its ruling to re-open judgment. Id. at 2, n.1.

Haynes then moved the Court to vacate the May 11, 2004 judgment pursuant to Rule 60(b) on September 3, 2009. Doc. 142. He asked the Court to republish the judgment, contending that a new Order "will automatically carry [another] right to appeal." Doc. 142 at 7. On November 19, 2010, the Court denied Defendant's motion, holding that "a district court is still without authority to republish an order in a criminal case to trigger another opportunity to appeal—as Haynes presently requests." Doc. 157 at 5. In so holding, the Court specifically declined to construe Petitioner's motion as one made pursuant to 28 U.S.C. § 2255, and instead addressed it on the merits under Rule 60(b). See id. at 4. On December 8, 2010, Petitioner moved the Court to reconsider its November 19, 2010 Order, Doc. 158, and the Court denied Petitioner's request on January 19, 2011. Doc. 160. Petitioner also appealed the Court's Order, but the Fourth Circuit affirmed on November 3, 2011. Doc. 179.[3]

On March 23, 2012, the Court received Petitioner's instant "Motion for an Out of Time Appeal, or Alternatively 2255 Motion to Vacate, Set Aside, or Correct Sentence" and accompanying Memorandum of Law. Docs. 191, 192. Therein, Petitioner again requests, this time pursuant to § 2255, that the Court vacate its May 11, 2004 Order and re-enter it "to permit the appeal period on Fed. R. App. P. 4(b) to run anew." Doc. 192 at 7. Specifically, Petitioner contends that the Court's erroneous advice to Petitioner that he had sixty (60) days to appeal its May 11, 2004 Order denied him his constitutional right to appeal the Court's judgment and "prevented Mr. Haynes from exercising that fundamental right of access to the courts of appeal in order to attack his judgment." Id. at 8–9. As such, Petitioner contends that § 2255 is the proper vehicle by which the Court may grant Petitioner the relief he seeks. See id.

---

[3] On November 14, 2011, Petitioner made an unrelated motion requesting correction of his Judgment and Commitment form, which the Court denied on November 23, 2011. Doc. 182.

On September 10, 2012, the Court issued an Order requiring the Government to file a response to Petitioner's Motion. Doc. 198. The Government filed its response on September 14, 2012. Doc. 199. Petitioner filed his Reply on October 19, 2012. Doc. 202. The Motion is now ripe for review.

## II. Legal Standard

Section 2255 is designed to correct fundamental constitutional or jurisdictional errors, which would otherwise "'inherently result[] in a complete miscarriage of justice.'" United States v. Addonizio, 442 U.S. 178, 185 (1979) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)). In order to move the Court to vacate, set aside or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) that his "sentence was imposed in violation of the Constitution or laws of the United States;" (2) that the Court was without jurisdiction to impose such a sentence; (3) "that the sentence was in excess of the maximum authorized by law;" or (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). A petitioner bears the burden of proving his grounds for collateral review of his sentence by a preponderance of the evidence. Jacobs v. United States, 350 F.2d 571, 574 (4th Cir. 1965); Hall v. United States, 30 F. Supp. 2d 883, 889 (E.D. Va. 1998). Generally, an evidentiary hearing is required under 28 U.S.C. § 2255 unless it is clear from the pleadings, files, and records that a movant is not entitled to relief. United States v. Witherspoon, 231 F.3d 923, 925–26 (4th Cir. 2000); see also 28 U.S.C. § 2255(b).[4]

---

[4] Because this decision is made entirely based on the law, it is clear from the pleadings and record before the Court that Petitioner is not entitled to relief.

5

## III. Analysis

### a. Whether Petitioner's Motion is a Successive § 2255 Petition

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes strict limits on the consideration of "second or successive" habeas petitions, as codified in 28 U.S.C. §§ 2255 and 2244. "Before filing such a petition in the district court, the applicant must obtain leave to do so from the court of appeals." In re Williams, 444 F.3d 233, 235 (4th Cir. 2006). The Government's main contention is that Petitioner's Motion is a successive motion, and is thus impermissible because he did not receive permission from the Fourth Circuit to file the instant motion. Doc. 199.

However, just because a Petitioner has filed multiple § 2255 motions, does not mean that the latter motions are "second" or "successive" under the AEDPA. United States v. Winestock, 340 F.3d 200, 204 (4th Cir. 2003). Indeed, the Supreme Court has "declined to interpret 'second or successive' as referring to all . . . applications filed second or successively in time, even when the later filings address a . . . judgment already challenged in a prior . . . application." Panetti v. Quarterman, 551 U.S. 930, 944 (2007).[5] Instead, only claims that could have been raised in an earlier habeas corpus petition are barred. See Gonzalez v. Crosby, 545 U.S. 524, 530–31 (2005) (discussing § 2244 and Rule 60(b)); Moody v. Maynard, 105 F. App'x 458, 465–66 (4th Cir. 2004) (discussing § 2244).

Accordingly, "where the subsequent section 2255 motion asserts a claim that was not ripe at the time of the prior section 2255 motion, the subsequent section 2255 motion is not 'second or successive'" under the AEDPA. Scott v. United States, 761 F. Supp. 2d 320, 325 (E.D.N.C.

---

[5] Panetti involved the interpretation of the phrase "second or successive" in a 28 U.S.C. § 2254 proceeding. However, the interpretation of "second or successive" in § 2254 proceedings applies with equal force in § 2255 proceedings. See Williams, 444 F.3d at 235 (noting that "[t]his court and others have repeatedly cited § 2254 and § 2255 cases interchangeably" in determining whether a later-filed § 2255 motion was "second or successive").

2011); see also Panetti, 551 U.S. at 947 ("We are hesitant to construe [the] statute ... in a manner that would require unripe ... claims to be raised as a mere formality, to the benefit of no party.").

Here, Petitioner's current § 2255 motion is not 'second or successive' because the claim on which it is based could not have been brought at the time Petitioner filed his previous motions. In his current Motion, the only alleged error from which Petitioner seeks relief is that the Court incorrectly instructed Petitioner in its May 11, 2004 Order that he had sixty (60) days to appeal the Court's Order, which caused Petitioner to file his Notice of Appeal outside of the time prescribed by Fed. R. App. P. 4(b). See Doc. 192 at 8. Accordingly, Petitioner's claim did not ripen until the Court issued its May 11, 2004 Order, and any § 2255 motions made before that date cannot be used as a basis for finding that Petitioner's current motion is 'second or successive' under the AEDPA. See Scott, 761 F. Supp. 2d at 325.

Moreover, Petitioner has not filed any motions pursuant to § 2255 since that date. Petitioner did file § 2255 motions in 1993 and 1996, but both of those motions had been decided long before his current claim arose. Petitioner also requested, on several occasions, for authorization to file a successive application for relief under § 2255, but the Fourth Circuit never granted that request. See, e.g., Doc. 75. Further, although the Government argued that Petitioner's September 3, 2009 Motion to Vacate Judgment Pursuant to Rule 60(b) should have been construed as a successive § 2255 motion, see Doc. 151, the Court very clearly declined to so construe it. Doc. 157 at 4. Consequently, Petitioner last filed a § 2255 motion on May 16, 1996, before his current claim became ripe, and as such, his current motion is not "second or successive" and may be brought in the district court without prior authorization from the Fourth Circuit.

### b. Whether Petitioner's Motion is Timely

#### 1. Whether Petitioner Filed within the Applicable Statute of Limitations

Petitioner's § 2255 Motion does not fall within the applicable statute of limitations, as Petitioner learned the facts upon which his motion is based almost eight years ago. With § 2255 motions, a one-year statute of limitations applies and runs from the latest of: "(1) the date on which the judgment of conviction becomes final; . . . or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255.[6] Section 2255(f)(4) "resets the limitations period's beginning date, moving it from the time when the conviction became final . . . to the later date on which the particular claim accrued." Wims v. United States, 225 F.3d 186, 190 (2d Cir. 2000) (internal citations omitted). As such, if the limitations period is reset under (f)(4), "the movant gets the benefit of a full year even if he delays filing until the last minute of it." Ryan v. United States, 657 F.3d 604, 607 (7th Cir. 2011).

Moreover, "[w]hether due diligence has been exercised is a fact-specific inquiry unique to each case." United States v. Crawley, No. 3:07cr488, 2012 WL 32402, at *2 (E.D. Va. Jan. 5, 2012) (citing Wims, 225 F.3d at 190–91). "It is the petitioner's burden to prove that he or she exercised due diligence." Id. (citing DiCenzi v. Rose, 452 F.3d 465, 471 (6th Cir. 2006)). While "maximum feasible diligence" is not required, the Petitioner must show "reasonable diligence in

---

[6] Petitioner claims that whether his motion violates the statute of limitations should be evaluated under 28 U.S.C. § 2255(f)(2), which begins the 1-year limitations period on "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action." 28 U.S.C. § 2255(f)(2). However, Petitioner is not claiming that the Government impeded his ability to file, but instead that the Court prevented him from filing a timely notice of appeal by incorrectly instructing him on the time he had to properly file. Id. As such, this appears to be a claim to which (f)(4) should apply, rather than (f)(2). As discussed above, the limitations period should have commenced when Petitioner could have discovered, through the exercise of due diligence, that the Court gave him improper filing instructions. Further, even if the Court were to use (f)(2) to evaluate whether Petitioner's motion violates the statute of limitations, the effective date for the commencement of the limitations period would be the same—the date on which Petitioner discovered that he had filed an untimely Notice of Appeal.

8

the circumstances." El-Abdu'llah v. Dir., Va. Dep't Corr., No. 3:07cv494, 2008 WL 2329714, at *2 (E.D. Va. June 4, 2008) (quoting Schlueter v. Varner, 384 F.3d 69, 74 (3d Cir. 2004)).

In this case, Petitioner's claim rests on the allegation that the Court denied Petitioner his right to appeal the Court's May 11, 2004 Order by incorrectly instructing him on the time that he had to appeal the Court's Order. Doc. 192 at 8. As such, the limitations period for this claim should have commenced on the date on which Petitioner could have realized, through the exercise of due diligence, that he had filed an untimely Notice of Appeal based on the Court's incorrect instruction. See Wims, 225 F.3d at 190 (holding that where the petitioner alleged that his limitations period should have been reset because he did not know that his attorney had failed to file a notice of appeal on his behalf, that "[t]he proper task . . . is to determine when a duly diligent person in petitioner's circumstances would have discovered that no appeal had been filed").

However, even assuming that this date is the same as the date on which Petitioner actually discovered that his Notice of Appeal was untimely, the date Petitioner's appeal was denied by the Fourth Circuit, Petitioner's § 2255 Motion still does not fall within the statute of limitations. The Fourth Circuit denied Petitioner's Appeal as untimely on December 2, 2004, and Petitioner's current Motion was received by the Court on March 23, 2012. Doc. 191. Thus, even if the Court were to allow Petitioner some small additional time to account for any delay in his receipt of the Fourth Circuit's opinion, Petitioner filed his motion well outside of the applicable statute of limitations.

### 2. Whether Equitable Tolling is Appropriate

As Petitioner did not file his § 2255 Motion within the applicable statute of limitations, his motion must be dismissed unless he can demonstrate that his claims should be subject to

Case 2:90-cr-00105-HCM-TEM   Document 209   Filed 03/17/14   Page 10 of 11 PageID# 183

equitable tolling. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Equitable tolling is appropriate "in those 'rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" Green v. Johnson, 515 F.3d 290, 304 (4th Cir. 2008) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003)). The Petitioner has the burden to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace, 544 U.S. at 418.

Petitioner cannot meet this burden. The fact that Petitioner chose to pursue improper avenues of relief rather than bring a motion pursuant to 28 U.S.C. § 2255 does not entitle him to equitable tolling. See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling."); see also Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000) (finding counsel's mistake in interpreting a statute of limitations does not warrant the application of applicable tolling).

Further, the filing of five motions over an almost eight year period does not appear to be the type of diligence required to transform this case into one of those "rare instances" where "it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Green, 515 F.3d at 304. Petitioner allowed almost three years to lapse between the filing of his second and third motions seeking to appeal the Court's May 11, 2004 Order. See Docs. 73 (filed on December 14, 2006); 142 (filed on September 3, 2009). Similarly, Petitioner waited over a year after the denial of his Rule 60(b) motion and motion for reconsideration to file the instant motion pursuant to § 2255. See Docs. 160 (Order denying Petitioner's motion for reconsideration entered on January 19, 2011); 191 (filed on March 23, 2012). As such, Petitioner's conduct does not demonstrate the diligent pursuit of his rights required by the case

10

law. See, e.g., Green, 515 F.3d at 304 (affirming the district court's holding that the petitioner's delay of ten months before filing his habeas petition after being appointed competent counsel precluded him from establishing the diligence required for equitable tolling).

## V. Conclusion

For the above stated reasons, the Court **DENIES** Petitioner's Motion, Doc. 191.

Finding no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction, nor a debatable procedural issue, a certificate of appealability is also **DENIED**.

Petitioner is **ADVISED** that he may appeal this Order by forwarding a written notice of appeal to the Clerk, United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within sixty (60) days from the date of this Order. To proceed in forma pauperis on appeal, Petitioner must submit an application to proceed in forma pauperis to the Clerk, United States Court of Appeals for the Fourth Circuit, 1100 E. Main Street, Richmond, Virginia 23219.

The Clerk is **REQUESTED** to send a copy of this Order to Petitioner and to all counsel of record.

It is so **ORDERED**.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge

HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
March 14, 2014

11